FILED

09/19/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0462

DA 16-0462

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 233N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MICHAEL HENRY,

Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-2015-334
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Paul M. Leisher, Paoli Law Firm, Missoula, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Ryan W. Aikin, Assistant
Attorney General, Helena, Montana

Kirsten H. Pabst, Missoula County Attorney, Suzy Boylan, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  July 19, 2017

Decided:  September 19, 2017

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In June 2015, Henry was charged with felony aggravated assault and the following misdemeanor charges: partner or family member assault (PFMA), criminal destruction or tampering with a communication device, and obstructing a peace officer. On July 10, 2015, Henry entered an initial plea of not guilty. On October 16, 2015, the Fourth Judicial District Court, Missoula County, conducted a change-of-plea hearing at which Henry entered into a plea agreement, pleading guilty to the aggravated assault and PFMA charges. There was initial confusion at the hearing regarding whether Henry's plea agreement was made pursuant to § 46-12-211(1)(b) or (1)(c), MCA. The District Court clarified that the agreement was made pursuant to (1)(c) and Henry would *not* have the right to withdraw his plea in the event the District Court did not accept the State's recommendation or request. The court then gave Henry the opportunity to withdraw his plea at the hearing but the record reflects further confusion ensued at this stage with the court, the lawyers, and Henry talking over one another. Nonetheless, Henry subsequently indicated his understanding and based upon his response, the court ordered the pre-sentence investigation and scheduled the sentencing hearing. Per the agreement, the

State dismissed the remaining charges and recommended a five-year commitment to the Department of Corrections and allowance for the defense to argue for a lesser sentence. However, four months later and a few weeks prior to the scheduled April 2016 sentencing hearing, Henry moved to withdraw his guilty plea. The District Court denied his motion. Subsequently, the court adopted the State's recommended disposition. Henry appeals the District Court's denial of his motion to withdraw his guilty plea. We affirm.

¶3 The only issue before us is whether the District Court erred in denying Henry's motion. The record supports the court's ruling. It is evident from the record that the court adequately clarified the earlier confusion pertaining to Henry's right to withdraw his plea. Consequently, the District Court's findings are not clearly erroneous and its conclusion is not incorrect.

¶4 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct.

¶5 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE